**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11585

Non-Argument Calendar

_____

AMELIA CHUM-PASTOR,
EDISON G. CIFUENTES-CHUM,

*Petitioners,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. 212-949-934

_____

Before JORDAN, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Amelia Chum-Pastor and her minor son, E.G.C.C., petition for review of the Board of Immigration Appeals' final ordering affirming the immigration judge's denial of their respective applications for asylum under 8 U.S.C. § 1158(a), withholding of removal under 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 1208.16(c). They argue that the BIA failed to provide reasoned consideration or make adequate findings because it did not expressly and independently rule on E.G.C.C.'s appeal, who filed his own application and was also a rider and derivative beneficiary of Ms. Chum-Pastor's application. The government responds by moving for summary disposition.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review legal issues, including whether the agency failed to give reasoned consideration to an issue, de novo. *See Morales v. U.S. Att'y Gen.*, 33 F.4th 1303, 1307 (11th Cir. 2022), *overruled in part on other grounds by*, *Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023). An appellant who fails to argue an issue in her opening

25-11585                Opinion of the Court                3

brief generally abandons that issue. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

We only review the BIA's decision, except to the extent the BIA expressly adopts the IJ's decision. *Se Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016), *overruled in part on other grounds by*, *Santos-Zacaria*, 598 U.S. at 419-23 & n.2. Where the BIA explicitly agrees with the IJ's reasoning, we will also review the IJ's decision to that extent. *See id.* Generally, courts and agencies need not make findings on issues if those findings are unnecessary to the results they reach. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

The BIA must give "reasoned consideration" to a petitioner's claims, meaning that its decision must show that it has "considered the issues raised and announced its decision in terms sufficient to enable us to perceive that it has heard and thought and not merely reacted." *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021) (quoting *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1232 (11th Cir. 2013)). Although the BIA must consider all evidence that a petitioner has submitted, it need not specifically address each of a petitioner's claims or pieces of evidence presented. *See Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1334 (11th Cir. 2019). Yet, for some cases to be reviewable, the BIA must discuss "highly relevant evidence." *Id.* This is the case where "the record would compel a different outcome, absent the discussion of certain evidence," and the failure to address that evidence would not "adequately explain [the BIA's] rejection of logical conclusions." *Id.* (quoting second *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 803 (11th Cir. 2016)).

The BIA "does not need to do much" to make a decision reviewable, but it fails to do so when it misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable and do not respond to any arguments in the record. *See id.* at 1333-34. Reasoned-consideration review does not focus on whether the agency's findings have evidentiary or legal support, but rather on whether the decision is "so fundamentally incomplete," in light of the facts and claims presented in the case, "that a review of legal and factual determinations would be quixotic." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1302 (11th Cir. 2015), *overruled in part on other grounds by, Santos-Zacaria*, 598 U.S. at 419-23 & n.2.

To establish eligibility for asylum, a noncitizen must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground, or (2) a well-founded fear that the noncitizen will be persecuted on account of a protected ground. *See Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010); 8 C.F.R. § 1208.13(a), (b). The protected grounds include, among other things, membership in a particular social group. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(a), (b). An applicant must establish a nexus between the feared persecution and a protected ground, demonstrating that one of the enumerated grounds "was or will be at least one central reason for persecuting" her. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

If the noncitizen applicant is granted asylum, her spouse or, in this case, child, may also be granted asylum if he or she is not otherwise eligible for asylum. *See* 8 U.S.C. § 1158(b)(3)(A). If the principal applicant is denied asylum, then any dependent of that applicant is also denied asylum if the dependent is included in the same application. *See* 8 C.F.R. § 1208.14(f). But "[s]uch denial shall not preclude a grant of asylum for an otherwise eligible dependent who has filed a separate asylum application." *Id.*

A non-citizen is eligible for withholding of removal if he shows that, upon return to his country, he more likely than not will be persecuted there due to a protected ground, such as his membership in a PSG. *See* 8 U.S.C. § 1231(b)(3). If an applicant cannot meet the well-founded fear standard of asylum, he generally will not be eligible for withholding of removal. *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1352 (11th Cir. 2009).

To be eligible for CAT relief, an applicant must show that she more likely than not will be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2); *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004).

We grant the government's motion for summary disposition. First, Ms. Chum-Pastor and E.G.C.C. abandoned any challenge to the BIA's dispositive findings—on credibility, past and future persecution, withholding of removal, and CAT relief—by not raising them in their opening brief on appeal. They similarly aban-

doned any argument that the BIA failed to provide reasoned consideration of E.G.C.C.'s distinct particular social groups by not raising that argument in their initial brief on appeal.

As to their sole argument on appeal, the government is clearly correct as a matter of law that the BIA gave reasoned consideration to E.G.C.C.'s separate appeal. The BIA acknowledged that E.G.C.C. was a derivative beneficiary of Ms. Chum-Pastor's application and had also submitted his own application for relief based on the same set of facts. *See* A.R. at 3 n.1. The BIA also explained that the IJ's findings applied to both petitioners, and all those findings were supported by the record. *See id.* at 3 n.1, 4-5. It then affirmed the IJ's findings that applied to both petitioners, thus addressing both appeals.

Accordingly, we GRANT the government's motion for summary disposition.

**PETITION DENIED.**